Good morning, Your Honors. Pleased to hear from you. Thank you. May it please the Court, my name is Elizabeth Haynes. I'm an attorney with the Federal Public Defender's Office. I represent Javaad Fisher together with Caroline Platt on brief. Your Honors, this court in United States v. Carter was clear. It told district courts, you must place on the record your particularized reasons for sentencing a defendant as you did. And in this case, the guideline range of six to 12 months, the district court more than doubled sentencing Mr. Fisher to 30 months and providing no reasoning. The only reasoning he stated was, I think we've done all we can for Mr. Fisher. Isn't it clear why he did it? He gave him repeated chances and the guy wouldn't and your client wouldn't follow the rules and kept violating it. Isn't that clear? It's not clear, Your Honor, and it's not what's required by statute. It's not what's required by this court in Carter and what was required in Thompson. You think that you don't think we could figure out why the judge did it? Now, you may say that he didn't state it on the record as he's required, but you don't think from this record we know why he did it. Didn't he tell him why? Why he did it? He did not. But But more importantly, this court has said we can't assume what the district court did. We should have not taken the district court. Say to him, if you come back, I'm gonna put you in jail for a long time. He did make that statement, but that was in the first revocation hearing, and this court should look only at the hearing. You can't go back and look at the course of events. Uh, in this thing, Your Honor, the best rule would be that the court should contain itself to the hearing at issue for several reasons. One is that that's not what he asked you. He didn't ask you what the best rule is. He asked you. Are you asserting that we can't go back and look at prior hearings? That's what he asked. I could not find any law this court saying you should only contain yourself to one hearing or you should go back. But if this court sets a rule allowing parties to go back into the record and to look for reasons and other hearings, when does that stop? You can imagine a case in which a party comes to the court and says, Well, he didn't provide any reasons on the record for the supervisor lease violation sentence. But look at the record at sentencing, and he provided sufficient reasoning there. If it was clear there, why shouldn't we look at it? We should send it back. So the court would say the discourse say, Well, I said this already in this case, but I'm gonna say it again. Let me read from page 18 12 of the transcript. Here's why. Here's why I did it. If it's clear now, you can argue that it's not clear. But if it's clear, we can glean from the proceedings, even earlier proceedings. While the court did that, why wouldn't we look at it? The court in this case? No, no, no, no. I'm just asking that. Well, as a general principle, why wouldn't we look at it? If it's clear you, I'm gonna let you argue that maybe it's not clear in this case. Why would we ignore that? A I think it's not clear. But secondly, question. But the reason that you shouldn't is first, the district court made no mention. He didn't have to go back and read the transcript. All he had to say was, I told you before 334 words, one sentence. You know what you're answering from the facts of this case? I'm talking about the general principle of whether or not you just said we shouldn't go back and look at prior proceedings. I'm asking why it may get. It's just a hypothetical. Now, if everybody agrees that in the prior proceeding, the court met every requirement there is that was specific as as a judge could be. Why? You're saying we as a rule, we should not go back and look at what the court said. What if that were to be the rule? What would that would do would be to ignore the party's arguments made at the second hearing. Everything has to be on the record at the sentencing hearing that given rise to the appeal. That's what you want us to be confined to that. I believe will be appropriate. It's to be confined to. We appealed one ruling of the court, and that was, um, the sentence imposed as part of the second supervised release violation hearing 30 months. Correct. That's what you feel. But you say we should be confined to what's on the record in that proceeding. When what if the judge said, Well, for all the reasons I've said in the course of the handling of this case, I'm gonna give him 30 months. I think that would be better. And I think it would be better. Would it be enough? Had he provided sufficient reasoning previously? Yeah, adopted at all. I think without re citing it, uh, chapter and verse again, would it be just that kind of adopted generally? Would that be enough? Likely it would be enough. The is what is so important in this case is we're not in this scenario that Judge King just asked you. You think that they've been information in a prior hearing? There's a There is a legal distinction on whether or not the judge says, For the reasons I stated before, I'm doing this. It clearly obvious that that's why he's doing it. If he says in the earlier hearing, I should put you in jail for these five reasons, but I'm not gonna do it because I'm gonna give you a chance. But if you don't live up to this chance, I'm putting you in jail. Three months later, you're back in there. He goes, he knows he's been in front of him before. That's correct. And he says I'm putting you in jail. Wow. But you say if he just says I'm putting you in jail, we can't look back. But if he says I'm putting you in jail because I told you I was going to because I told you I was going to makes the difference in what this court looks at. This court doesn't require. No, I'm just asking you a question. I think it does make a difference because what we're asking the court to do is to put very limited statements on the record for why he did what he decided Carter. That's the only I think that's only case. What does Carter say? We ought to do about this? Well, what Carter says is you have to put some reasons on the record why the sentence imposed was particularized to this defendant. And even if this court goes back and looks at the first hearing and the second hearing, the court didn't satisfy that requirement. That's a different argument. That's a different argument. That's a fair argument I think you could make. But you but you start out by saying that we should not for some reason there's a rule that we should not or cannot go back and look up with the court did earlier. That's what you are. I would start with that position. If you disagree with that position, we can go on and say even if you compare them in total, he still doesn't satisfy his and one word that I would like to draw the court's attention to in the first hearing is the district court said what I would do in this case normally. And I think the fact that he used, he said very little in the first hearing, but by saying normally indicates to this court that he was not making a particularized assessment as to Mr Fisher and the court can consider that statement. Beyond that, he really doesn't say very much as to the specific sentence, why he's imposing it. And he certainly doesn't indicate, he says, I'll send you to jail for a long time. Isn't it clear that he was going, he would, he was saying to him, I would normally put you in jail, but I'm gonna give you a chance. Isn't that what he did? Is that what he said? And isn't that clear at the first sentencing hearing? That's what this judge was doing. I'd normally put you in jail, but I'm gonna work with you and give you a chance. You don't think that's obvious. What this court has said in the past, I'm asking, do you think that was obvious at the first sentencing hearing? I think it was obvious that if Mr Fisher came back before him, he would give him a longer sentence. But there was no indication as to the amount of time. And so it's not simply, am I going to incarcerate you or release you? But how much time specifically how many hearings had been had the court conducted with this? Well, his sentencing hearing, um, the revocation hearing and then the second revocation hearing. So this is, there's three altogether. That would be correct. Uh, and uh, so they'd be when we talked about looking back, there'd be two prior records, right? Over what period of time? Well, his original sentencing was in 2004, your honor, right? So you'd be going back six years to look at that record. When was the second one? The second one is was in 2010. And then the second, the first supervised release violation hearing was in 2010. And the second was in 2011. So seven years. That's correct. In total. And so what was at the at the at the revocation here? And I think it was J. A. 33. The because of this violation, the court will sentence Mr Fisher to a period of incarceration for six months and then there will supervisor release will continue. Mr Fisher, like the prosecutor indicated, normally, you know, I would be giving you a sentence of five years instead of six months. But I'm, but I'm going to give you an opportunity to try some drug treatment. You can put him in jail for years, but instead he's doing, he's doing your client a tremendous favor and he's making that clear, isn't he? He does make clear at that sentence. But what this court and what the statute says is that you have to consider the arguments of parties and what happened after that hearing. And the court didn't do that. We made the government made arguments and we made arguments as well. Could the court have given him five years at that time? He could have. And so in the court didn't clearly on the record, the court said normally I would give you five years in prison for what you've done. This is revocation hearing, isn't it? That's correct. But I'm gonna try to work with you. I'm not what I would normally do, but I'm gonna try to work with you individualized. I'm gonna try to work with you in this case. Isn't that clear that he's just holding an abeyance that what he would normally do to give you a chance? What's not clear about that? But Judge said, what would we do if the judge said at his sentencing, if I see you on a revocation, I'm sending you to jail for the statutory maximum. He comes in with a revocation, which is simply failure to submit one monthly report. And the judge simply says, I find you guilty and I sentenced you to five years. If the judge made it clear enough why and why those things were important enough, I think that'd be perfectly fine. I think that the statute 35 53 C and this court's holding in Carter says that that is insufficient. If it's perfectly clear from looking at that the judge would do and it might be harmless anyway. But if you could look back and it was sufficient and the court could, we could find that what the judge was going to do and it was individualized enough at the first sentencing. Um, I think this court would affirm it, but if this court to decide, but what in this case, what do you he should have done? Why he should have said what at the second at the second revocation hearing at the second revocation hearing, he should have said, I told you before I was going to but I was teasing and I wasn't, I didn't really mean that. No, he could have simply referenced, referenced his prior hearing and said, I considered why does he have to reference to this on the record? You know what the government knows it. The district judge knows it and we know it. The public knows it. Who doesn't know that the requirement is not what the law is, is not. We can look at the entire record to try to weed out what the judges is thinking. The requirement is that the judge state his reasons on the record. If this is error, why isn't it harmless error? It's not harmless. There are only two cases that I could find and that certainly that the government cited in which harmless error was found. Did you articulate all your reasons for saying you ought to get 12 months or only 12 months? You are. I think there were certainly additional reasons we could have raised. Um, but we did articulate several which had merit at the last hearing at the last hearing. That's correct. And the judge didn't, uh, discuss those. He did not discuss those. And if when this court, what this court has done is it said, let's compare this case to other cases to see whether there's harmless air. How much of what you all were talking about related to events that occurred over the previous seven years. We addressed some things that occurred in the past, for example, his cooperation. But we also indicated that he had had other positive conduct on supervision and since being released from the first revocation sentence. So there had been new conduct, which we also referenced. What I think is important is that in this court in the two cases in which it found harmless air in both of those cases there, those were guideline sentences and the defendant actually received a low end of the guideline sentence. And in this case, which is substantially different, the defendant received a 60% higher sentence than the top of the guideline range. Did you say you found a couple cases that harmless air doctrine applies here or didn't apply here? There were only the two cases, Your Honor. Um, in which the court found that harmless air did apply was Hernandez phrase, which is in this court and also, um, the case, um, we'll wear case. But in both of those cases, the defendant received a guideline sentence, which this court has noted is important, and it was at the bottom of the sentence. And so I think that makes it substantially different in this case than in other cases. What we the harmless air doctrine currently is very narrowly tailored. And if this court were to say, um, broaden it as the government asked you to do, you're asking the appellate court to step into the role of the district court. Basically, your this court will be required to comb through the record to determine whether the judge stated anything on the record. This court will be required to consider the arguments of the parties to consider whether or not they are weak. But if, in fact, let's just say this hypothetical. In fact, it was clear if it's clear that the court is going to give that sentence, going to give that sentence. And there's a there's an asserted violation of a particular reason. Why? Why wouldn't this court find that to be harmless? If the court says, I'm telling you, I've looked at this based on what you did. This is the sentence you deserve. This is a sentence I would give you under the statute, my discretion, uh, under the guidelines on a revocation rules under any policy statements. Um, this is a sentence you deserve. And then the claim is he didn't do particularize enough findings on one particular fact. Why? Why wouldn't we apply harmless there? If he had said that at the supervised release violation hearings, what you what you just said that I think would be sufficient. But that's not what he said. I know that. But then you then you allow, then you think harmless air would apply in the appropriate circumstances in in in this in a revocation this court has held in bulware that harmless air can apply. And I don't believe this court is in a right. So you don't, you don't argue with the fact that harmless air can be applied here. You just think factually it shouldn't be applied here. I don't think I can argue that to this panel, given what the precedent in this circuit is. So I put the answer to my question would be yes, that'd be correct. Thank you. Thank you, Mr Young. Mhm. Mhm. Bad spot for that. Good morning, Your Honor. May it please the court. My name is Roderick Young. I'm an assistant United States attorney in the Eastern District of Virginia and the prosecutor who prosecuted Mr Fisher. Now, Your Honor is based on your holdings in United States versus credit and its progeny. This court review sentences imposed and revocations, supervised release and revocations of supervised release to determine if the sentences are plainly unreasonable. It plainly unreasonable the government has the burden to show that the air was somehow harmless. Like this court has done in all the cases analyzing this issue. I'll look at this in a step by step manner. First addressing whether the sentence was unreasonable. If you determine if it was unreasonable, whether it was plainly unreasonable and if it was plainly unreasonable, was that air harmless. Now the brief statement from Judge Spencer that that is the nub of this argument, it was the following Mr Fisher, we have done all we can for you now with that statement. Looking at that statement in isolation, that statement probably is unreasonable. But if you look at that statement in the context of this case, my argument is that that statement is not unreasonable. You think that statement is unreasonable or you think it's unclear? What's unreasonable about saying we've done all we can do for you? Not that it's unreasonable that we've done all we can for you judge, but it doesn't go through a step by step analysis. You mean it's not sufficient, right? Right. Right. That's probably a better lay out. Why are you saying that precisely? That was the conclusion. That would be procedurally unreasonable. Precisely. Your Honor. Yes. And under her precedence, the district court needs to lay it out precisely. But if you and you're going ahead, I'm sorry. But if you but if you look at that statement in the context of Mr Fish's Fish's case, I don't context of the case going back how far going back to 2004, Your Honor, when he was like a gang member, you're saying we need to look at it. The Court of Appeals needs to look at it in the context of a seven year record. If you look at it and all that in the record here, the seven years, everything that happened there, there are arguments in the record about what happened, Your Honor. Yes. All of them are all the seven years of records in there. The total seven year record is not is not even have it all. But we know there were three hearings. Yes. Yes. This is what you do know, Your Honor. You know that there were three hearings. You know what he was convicted of originally. You know the sentence that he was received originally. You know the fact that he got a 55% reduction for his cooperation. You know, when he started supervised release, you know, he violated his supervised release shortly after starting for the use of drugs. You know that the district court addressed that he used drugs addressed that he had gotten a significant break addressed that he probably should put him in jail for a longer time, but chose not to do that. Chose to only give him six months. Give him some more treatment. Give him some more. Is this the 2004 sentence? Or is this the 10? The 2004 sentence is his original gang sentence where he received about that one right now. Well, no, I'd actually moved on to the to the second one. So the 2010 to the 2010. But there's these two earlier proceedings that you're talking. Yes. Yeah. That seven year period. Yes. Yes. So that's in the record, Your Honor. We then come back for this next violation where the defendant gets out and he continues to use control substances and he's brought back for using control substances and violating coming back in 2011. This coming back in 2000 like is that approximately a year? We're just talking about years. Is that? Yes, that's approximately a year later. It's approximately a year later. Okay. All right. So go back one time one year and go back another time. Seven years. Yes, sir. What you say we can do to figure out whether this statement we have done all we can do is supportable. I think that I think you to put that statement. This puts that statement in context. You say we have to go back seven years to put it in context. I don't know. I don't think you have. You need to be careful in the words you're choosing now. I thought you were saying that you are you saying you have to go back? Or do you say you can go back? That which is it? I guess I'm not saying you're legally required to go back just just to be precise. Are you? Are you required to go back to understand? But the judge's statement means in contact context. Are you required to go back that far? I don't think you're required to go back that far. Can you? Can you? Can you figure it out from the 2000 and 10 hearing? Yes, you can figure out from sort of said that 2000 and 10 didn't heat between the government, the defense and the judge. They sort of summarized and talked about what had happened previously. Yes. About the break he'd gotten. Yes. And you normally go to jail. Yes. So you have to go back beyond 2000. The hearing on supervised release 2010. Right. Yeah. Just to be more precise. And and and thank you. Go back to 2004. Right. You're abandoning that part. I'm abandoning that part from the from the standpoint. Just to be precise, your honor. All that is contained in the 2000 and 10 hearing. All right. So you just we just need to go. Part of your concern. We just need to go back to the 2000 and 10 here. Yes, sir. Yes, sir. Yes, sir. Uh, this didn't go back one year. Right. So when you go back to the 2000 and 10 hearing and you 2000 and 10 hearing encompasses the 2000 for proceeding. Yes. So we're really going back seven years again. You don't have to go back seven years. Go back somewhere because you've already said that this what he says is not enough to pass muster. We have all we have done all weekend for you. That's not enough. The government concedes that. So what you're saying is this is harmless error because we can go back and look at the prior records or whatever and ascertain that what he did in the context of the whole record was reasonable. Yes, your honor. I do think that is that the media says you're arguing harmless error. You're up here today. The government saying this is a harmless Erica. Well, I'm saying that I'm saying a couple of things. I think number one, I'm saying with respect to unreasonableness that the statement by itself, I see how it could give the court some problems. But if you encompass the 2000 and 10 hearing and what happened in 2000 and 11, I think that tells the informs the court what that statement means that Mr Fisher, we've done all we can. You have to admit that this is your proposition. We bow onto it here. It's going to for potentially create a lot more work for the pellet courts. It create less work for looks to me like district judges and people like you all in the district court proceeding that you can just uh throw something out there and we can mind the record. See if you'll stand stand up. The it's a lot easier for us if all of its laid out. Don't you understand? Certainly. Uh and we don't have to look for harmless error when you come up here and say I'm not relying on harmless error. It's all right there in that 2000 and 11 hearing. That would be a better situation. That would be the best way of what we have here. That would be the best way. But that's not what I have for me. You've got to unfortunately so the hands you were dealt. Right, right. Exactly. So except that you were there. Yeah. Why didn't you say that to him instead of to us? Why didn't why didn't you say to him that if that's your position, why didn't you say that to the district judge instead of now standing in front of us and going, that's right. The district judge should have done that. Well, you're right. Might that have been might that have been a little bit better approach. If that's your position that that would have been a better approach than to to have done that. I did uh try to lay out on the record in my argument the various reasons why and above the the judge said what he said. I did not get up and interrupt him. It wasn't 18 months, 18 months above the guideline. Yes, John. The guidelines were 12 6 to 12 months and he imposed 30 month sentence. Yes, sir. Yes, sir. Now, this district judge, if he looks at this transcripts going to say that he was very clear what he did. This is what the judge, the district judge did. And it happens oftentimes a defendant can and maybe should be sentenced to a greater sentence. But the district judge, for any number of reasons, decides to give the person a break. Oftentimes it doesn't happen. But in this case, it happened. This district judge completely warned him was explicit. I normally give people time. I'm giving you a break. But you understand, you understand if it doesn't work. If the probation officer brings you back in here, I won't have any choice but to send you to jail and for a long time. So I'm giving you some opportunity. Now, all that being said, you're now saying that the district judge, because he didn't say all that again at the final revocation hearing, he didn't do it. He didn't handle the way he should have handled it. That's what you're saying in front of this court. Well, what I'm trying to say is this, Your Honor, and I think I'm agreeing with you and that if you just look at that statement by itself without anything else, so you don't look at which statement the statement Mr. Fisher, we've done all we can for you. If you look at that statement and don't look at anything else, I understand how that could not be sufficient. So that's what I'm trying to say. But just like you're saying, if you look at the 2010 hearing and put that sentence into context, which is the predicate for this for the state, isn't it? Yes, yes, I agree. I agree with you. If you put that statement into context with the 2010 sentencing hearing, it is sufficient. Yes. So with respect to Judge King, I got away from your answering your question about harmlessness, but... Are you abandoning harmlessness? No, no, no. You want to plant your feet and say it's not error? We can do it this way, and we can do it this way, and you ought to uphold it, and that means we can do it this way next week, too, and next month, the next year. I think... We come up here with one statement, and we'll look back at the whole record, or you ought to look back at the whole record and figure out whether it was right or not. What I'm saying, Your Honors, I think... That doesn't sound like what the Carter case says. Right, it does not. But what I'm saying is... We'd have to change that, Dan. We can't change that law. We have to adhere to the prior panels, prior precedent here. You do have to adhere to your prior law, Your Honor. But what I'm saying is that even if for some reason you find that this was procedural error, I still think it's harmless for this reason. And the reason is that the district court... It's plain that the district court considered both arguments for two reasons. One, both the government and the defendant asked that the defendant, after being released, which the judge did. The second reason is that in considering the arguments of counsel, the judge didn't do everything the government wanted to do, or didn't do everything the defense wanted to do, but kind of sliced the baby down the middle and sentenced the defendant to 30 months. So from that reason, for harmlessness, the government must prove that the error did not have a substantial injurious effect or influence the result. And it's harmless if the district court can say with fair assurance that the district court's explicit consideration of the defendant's argument would not have affected the sentence. Well, I think the judge considered both arguments because he didn't do everything that the government asked. He didn't do everything he intimated that... Where is the explicit consideration of the arguments? You just said there needs to be explicit consideration of the arguments. Where is that in the record? It's not... He doesn't say it explicitly, that he doesn't go through Ms. Wilson's argument in checklist form and deal with the fact that the gentleman has had prior... Ms. Wilson is Ms. Haynes. Yes, yes, I'm sorry. Yes, Ms. Haynes. So he doesn't go through that in checklist form, but I think it is clear that he considered both of the decisions, both of the arguments, in crafting his 30-month sentence. So for that reason, Your Honors, I think it's harmless. So if there are no other questions for me, for the foregone reasons the government requests that this Honorable Court find that the 30-month sentence in this case was plainly reasonable. However, if... Let me ask you this. Yes. If on the harmless, harmless error review, you don't have to have any explicit findings, do you? Because if you had to have explicit findings, that wouldn't be harmless error, would it? That's true. Wouldn't harmlessness come from the fact, if we could glean from the record, that the court was going to do that? That's where harmlessness comes in, doesn't it? Right. And in Boulware, you all said explicit consideration of the defendant's argument, not explicitness in his statement. So yes, I agree with you, Judge Sett. I still go He says normally. What that means is, I'm ready to put you in jail for five years. But I'm going to give you a break. But if you don't take advantage of this break, you come back, you understand I'm putting you in jail for a long time. That's exactly what he said. Either the court was serious about that, or the court was not serious about that. I think the court was serious about that. Well... I think the court was serious about that, and I think that's what that statement means when he says Mr. Fisher... And the court did just what the court said it was going to do. Yes. After considering... Because the person could not abide by the rules and follow those restrictions. Exactly. After considering Ms. Haines' argument, he reduced it some, but he still gave him a significant amount of time. So I'll finish. However, if for some reason when you all deliberate, you conclude that the sentence is not plainly reasonable, the government requests that you find that the error was harmless. Thank you, Your Honor. Thank you, Mr. Young. Ms. Haines. What's most important when we look at harmlessness is that... Look at the sentence that this individual received. The guideline range was six to twelve months, and the sentence that he received was 30 months, a 60% higher than the highest guideline range. This court has only held harmlessness in two occasions and in both of those cases, the individual received a low-end guideline range, and that makes this case remarkably different. Let me ask you, is it a... Is that a guideline range, or is that just... That's not really a guideline range, is it, on revocation? Well, isn't that just sort of a policy statement, otherwise what the range should be? Am I wrong about that? I just... In the revocation context, Your Honor, obviously it is slightly different. But I mean, I know courts call that, but it's not really the guideline range pulled from the guideline chart, is it? No, it's not. It's... Revocations have their own guidelines. Is it a policy statement, or is there a chart? There's a chart. There is a chart. There's a chart, Your Honor. What's the percentage you gave us? It's a 60% variance. Where do you get 60% out of that? I would think it's 250. Twelve months to 30 months. I took the difference between 12 months minus the 30 months. Okay. If the 12 months was the top of the range... I'm an attorney, I can't do math. And you went to 18 months, you'd have 50%. If you went to 24 months, you'd have a... The point is it's substantially more. It would be 150%. Not too... We're both wrong. Divided by pi. It would be a hundred... If 30 months would be 150%. The point is, when we look at Boulware, and we look at the West Virginia Thompson case, in those cases the defendants received low-end guideline ranges. And Judge King pointed to the real problem with expanding the harmlessness doctrine, is that it requires this court to step into the role of the district court, to go back and look at the entire record in the case, to consider the party's arguments, to determine whether they have merit. And I don't think that that's an efficient use of judicial resources. When the it is... How about this use of judicial resources? No appeal on revocation orders. That would have to be taken to an in-bank panel, Your Honor, and certainly could be done. It's not just the efficient use of judicial appellate resources, is it? You know, there was a day when sentences basically weren't appealed at all. I know that was before you practiced law. That was a long time. They were like, I practiced law when I was a prosecutor. Never, you couldn't appeal sentences. Unless it was above the statutory maximum. That's why they came up with these guidelines. In this case, certainly it was above the guideline range. And as, although the government says, look, you can look at all these arguments that the parties made and assume what the judge did, that's what Carter said you can't do. Are you surprised that the district court put your client in jail at the final revocation hearing? Was that a surprise to you? Your Honor, I wasn't surprised. But, for example, when the court gives their statements on the record, then the defendant hears it. So you weren't surprised by that? Were you surprised by the length of the sentence? Your Honor, I was. I think that... And that was, and you were surprised by that based on what? Based on... Is saying you're going to get a long sentence? I've seen, in this case, with this district court, there have been times in which defendants in similar situations have received 12 months in a day. And so... After the judge tells them, I'm gonna give you a long sentence, you're surprised that this judge gives a long sentence? What's surprising about any of that? Well, the surprising, what's not surprising is that he didn't provide his Didn't he say, I would normally give you 60 months? How much did your client get? Six months in that instance. No, but I'm talking about eventually. 30 months. 30 months. He said, I'm gonna give you six. If you come back to me, I'm gonna give you a long sentence. Is any of that a surprise that the judge gave you 30 months? That's not what the statute requires and it's not what Carter requires. So, although I'm not surprised, certainly that doesn't mean that he's obligations and the obligations that this court places upon him and that's the real issue here. Thank you. Thank you very much. We'll come down and speak with counsel and then take a short break. This honorable court will take a brief recess.
judges: Robert B. King, Dennis W. Shedd, Stephanie D. Thacker